**James Clinton BYRNES, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14827.**

Court of Criminal Appeals of Oklahoma.

Feb. 19, 1969.

John D. Harris, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Prudence Little, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, James Clinton Byrnes, hereafter referred to as defendant, was tried by a jury on December 13, and 14, 1967 on a charge of second degree burglary, after former conviction of a felony. He was tried on a two-stage proceeding. The jury found defendant guilty on the

second degree burglary charge; and defendant filed a waiver of jury for the second stage proceeding concerning his former conviction charges. Defendant plead guilty to the former conviction charge, so the court found him guilty thereon. On December 26, 1967 the court passed judgment and sentence on defendant when he was sentenced to serve nine years imprisonment in the state penitentiary. Thereafter this appeal was perfected to ths Court.

Defendant's first proposition contends that the arrest of defendant was unlawful and consequently the subsequent search of his automobile was also unlawful as being in violation of defendant's constitutional rights. It is defendant's position that he was arrested on suspicion of having committed a crime, not in the presence of the arresting officer, and therefore the arrest was illegal.

The arresting officer testified that he observed the defendant and another man get out of their automobile, which was parked in the cafe parking lot, where he was a customer. As they got out of the automobile each man put a pair of gloves and a screw driver in his pocket. Because he knew the men,[1] he got into his own automobile and drove through the residential area. As he drove up South Linwood Drive—in Sand Springs, Oklahoma —he observed the doors of the homes to be closed. This observation occurred while he was still searching for the two men. As he proceeded to return to the cafe, having failed to see either man, he drove down Linwood Drive still viewing the homes. As he passed the house located at 7 South Linwood Drive, he observed the door of that house to be standing about half-open. When he saw the door open, he stopped his car and went to the door and observed further, that it had been pried open. He entered the door and called out for someone to answer. When he received

no answer, he returned to his car and proceeded back to the cafe parking lot, where he apprehended the two men, as they were about to leave the parking lot in their car. After he placed them under arrest, he searched the automobile and found an expensive dinner ring on the car seat partially hidden by the seat belt. Later, he and other officers returned to the residence and found the house in disarray, with the drawers opened and items thrown around the floor. Outside the house, hidden in the shubbery, they found a pillowcase with other items taken from the house.

■ To support his first proposition, defendant cites the decision of this Court, Hoppes v. State, 70 Okl.Cr. 179, 105 P.2d 433. We have reviewed that case and find that the facts therein are not applicable to this case. In that case, defendant Hoppes was charged in the County Court for a misdemeanor, and the arrest therein was illegal for the reason that no misdemeanor was committed in the presence of the arresting officer; consequently, the search of the automobile was likewise illegal. Such are not the facts of the instant case.

Title 22 O.S.1961, § 196, provides:

"A peace officer may, without a warrant, arrest a person:

1. For a public offense, committed or attempted in his presence.

2. When the person arrested has committed a felony, although not in his presence.

3. *When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.*

4. On a charge, made upon reasonable cause, of the commission of a felony by the party arrested." (Emphasis added.)

---

1. Defendant had been sentenced to the penitentiary on three different occasions: in 1961, 1963, and 1966. Officer Nichols had been a police officer and deputy sheriff during the previous twelve years.

The offense of second degree burglary is a felony offense. The arresting officer knew that the house had been broken into, and he had reasonable cause to believe these two men committed the crime; so we must therefore hold that the arrest was legal and consequently the search of the automobile was likewise legal, under statutory authority. Defendant does not argue in his brief that the arresting officer did not have probable cause to believe that a felony offense had been committed, but only because the offense was not committed in his presence, the arrest was illegal.

This Court provided in Russell v. State, Okl.Cr., 433 P.2d 520:

"If a peace officer arrest a person without a warrant, he is not bound to show in his justification a felony actually committed to render the arrest lawful, but if he suspects one on his own knowledge of facts, or upon facts communicated to him by others, and thereupon has reasonable ground to believe that the accused has been guilty of a felony, the arrest is not unlawful."

See also: Nichols v. State, Okl.Cr., 418 P.2d 77; State v. Chronister, Okl.Cr., 353 P.2d 493; and Booze v. State, Okl.Cr., 390 P.2d 261.

Defendant's second proposition sets forth that the prosecuting attorney committed error in his closing argument, when he implied that the defense was attempting to suppress certain facts from the jury. This proposition is based upon the prosecutor's remark made in anticipation of defense counsel's argument that he would offer the question to the jury, concerning why the F.B.I. report was not introduced into evidence. Defendant's brief recites that counsel objected to these remarks, but our review of the record fails to find such objection having been made. This Court held in Harvell v. State, Okl.Cr., 395 P.2d 331:

"Counsel for a defendant must not only object to improper statements of the county attorney in his argument to the jury, but he must go further and move the court to exclude such remarks from the jury and instruct them not to consider them for any purpose, unless the remarks were of such a character that the error would not be cured by a withdrawal of the remarks."

Also, we fail to see how defendant might have been prejudiced by this remark. And even if the remark had been improper, had it been objected to it would be considered and construed on appeal in reference to all the evidence presented to the jury. Insofar as the defendant elected not to testify, the jury had only the evidence offered by the State to consider and decided the issue against the defendant.

Defendant's third proposition contends that the sentence imposed on him was given under the influence of passion and prejudice. We fail to see any merit to this contention in that the jury had no part in the assessment of punishment, in that defendant waived the jury for the second stage of the proceeding and left the punishment to the court. Likewise we find that the punishment is well within the limits of the statutes on a charge of second degree burglary, after former conviction of a felony. See: Byington v. State, Okl.Cr., 363 P.2d 301; Smith v. State, Okl.Cr., 347 P.2d 232; andn Vassar v. State, Okl.Cr., 328 P.2d 445, cert. denied 360 U.S. 936, 79 S.Ct. 1458, 3 L.Ed.2d 1548.

We are therefore of the opinion, after having considered the record and briefs filed herein, that the judgment and sentence of the district court of Tulsa County should be, and the same is therefore, affirmed.

BUSSEY and NIX, JJ., concur.