**Robert Calvin SNOW, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15046.**

Court of Criminal Appeals of Oklahoma.

Dec. 3, 1969.

Rehearing Denied Oct. 1, 1970.

Red Ivy, Chickasha, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Robert D. McDonald, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, Robert Calvin Snow, hereinafter referred to as defendant, was found guilty of the crime of driving a motor vehicle while under the influence of intoxicating liquor by a jury in the County Court of Grady County, Oklahoma, Case No. 5030. Judgment and sentence was imposed on August 9, 1968, by the Honorable Charles V. Collins, County Judge, sentencing defendant to a term of twenty-five days in the county jail and a fine in the sum of $200.

Briefly stated, the evidence indicates that an Oklahoma Highway Patrolman, N. J. Burns, observed the defendant driving a motor vehicle south of Chickasha, Oklahoma, on December 27, 1966, and that defendant was driving left of the center line forcing the patrolman's car and another car off the highway. Patrolman Burns testified that he overtook the defendant who was on the wrong side of the highway when stopped and that defendant had to be assisted to the patrol car. Burns testified he observed defendant's unsteady condition, that the defendant was unable to walk without assistance, that defendant had a strong odor of alcohol on his breath, and that defendant's speech was very thick. Patrolman Burns was of the opinion that the defendant was under the influence of an intoxicating beverage.

The defendant testified on his own behalf, stating that at the time he was stopped by Patrolman Burns, he did not recall swerving across the center line or driving in an erratic manner. Defendant further testified that he had had one beer all evening, that he had diabetes, and that he was probably suffering from the first stages of insulin shock. It was defendant's testimony that he was not guilty of the crime as charged.

■ It is defendant's first assignment that it was error for the trial court to refuse to disqualify a "prejudiced" juror for cause and error for the court to fail to grant the defendant an extra peremptory challenge. During the voir dire, one of the jurors, Mrs. Shoemake, volunteered that she did not think anyone should drive after drinking. Defense counsel moved for a mistrial and challenged Juror Shoemake for cause. The trial court then asked Juror Shoemake if she would follow the instructions of the court, to which she replied she would. The court denied the motion for mistrial and did not excuse Juror Shoemake for cause. Subsequently, the defendant excused Mrs. Shoemake with his first peremptory challenge and defendant later exercised his remaining two peremptory challenges. Defendant now argues that because he was required to use one of his peremptory challenges to remove Juror Shoemake, he should have been allowed an additional peremptory challenge. We do not agree with his contention. Defendant has not made a showing that there was a prejudiced juror because Juror Shoemake was in fact excluded from the jury. Furthermore, only three peremptory challenges may be allowed by the trial court. Title 22 O.S.1961, § 655. We are of the opinion that the rule announced by this court in Moore v. State, 96 Okl.Cr. 118, 250 P.2d 46 (1952), is applicable in the instant case:

"Where there is no evidence in the record to show that the defendant was required and had exhausted all his peremptory challenges in selecting jury for trial of criminal case, so that a juror challenged for cause was forced on appellant, there is no showing of prejudicial error on the part of the trial court in overruling the challenge for cause to such juror." 250 P.2d, at 47.

It is not sufficient that the defendant merely used all of his peremptory challenges. The defendant must show that he was forced to accept a juror challenged for cause because he had used all his peremptory challenges and that the acceptance of said juror was prejudicial. In the case at bar the defendant was neither forced to accept a juror who was challenged for cause, nor is there any showing that the jurors who tried the case were prejudiced against the defendant in any manner. We therefore reject this contention of the defendant.

■■ It is a further assignment of the defendant that the trial court erred in sustaining the State's objection to defendant's questions on cross-examination of the arresting officer relating to the officer's salary, promotions, retirement, and uniform in the courtroom. We have examined the record, particularly the rulings to which the defendant objects, and find there was no abuse of discretion by the trial court. The applicable rule in this regard was stated in Johnson v. State, Okl.Cr., 386 P.2d 336 (1963):

"Although this Court has upheld the right of counsel to the exercise of wide latitude in cross-examination, the scope of cross-examination rests largely in the discretion of the trial court, and the limiting of cross-examination of a witness concerning matters purely collateral and not germane to the issue by the court is not error." 386 P.2d, at 337.

Finding no abuse of discretion by the trial court, we accordingly reject this assignment of error.

Defendant's next assignment is that the trial court committed error in refusing two

requested instructions by the defendant which read as follows:

"You are instructed that the defendant's admission that he drank an alcoholic beverage before driving his automobile, in itself alone, is not sufficient to prove beyond a reasonable doubt that he was under the influence of intoxicating liquor when he drove his automobile upon a public highway.

"You are further instructed that standing alone, the testimony of the state's witness that he smelled alcohol on the breath of the defendant is not sufficient to prove that the defendant was under the influence of alcohol." (CM 77 and 78)

We are not altogether persuaded that these requested instructions were a proper statement of the law, but such a finding is not necessary in the instant case as it is apparent that Instruction No. 6, given by the court to the jury, was a proper statement of the law, and that instruction, taken with the other instructions as a whole, constitutes a proper statement of the applicable law. Instruction No. 6 reads as follows:

"You are instructed, Ladies and Gentlemen, that the term 'Under the Influence of Intoxicating Liquor' as used in the statute punishing driving of a motor vehicle while under the influence of intoxicating liquor, is that if intoxicating liquor has so far affected the nervous system, brain or muscles of the driver as to impair, to an appreciable degree, his ability to operate his automobile in the manner that an ordinary prudent and cautious man in full possession of his faculties, using reasonable care, would operate or drive under like conditions, then the driver is under the influence of intoxicating liquor." (CM 74 and 75)

■ It is not error to refuse requested instructions when they are an improper statement, or even when they are proper statements of the law, when such requested instructions are substantially covered by the instructions given by the court. Owens v. State, Okl.Cr., 438 P.2d 21 (1968).

■ It is defendant's further assignment of error that the prosecuting attorney made inflammatory and prejudicial remarks during his closing argument. The remark of the prosecuting attorney cited by the defendant as prejudicial was as follows:

"* * * and I don't think a [highway patrol] trooper is going to come in here and sit on this witness stand and lie, * * *"

We do not find that this remark constituted prejudicial error in view of the rule of this court as announced in Pierce v. State, Okl.Cr., 358 P.2d 647 (1961):

"The prosecuting attorney has the right and privilege in his argument to the jury to refer to the evidence and his deductions therefrom, and urge upon the jury the truth or falsity of any testimony given in the case."

We therefore conclude that the comment cited by the defendant was not so gross or unwarranted as to affect the verdict or prejudice the defendant's right. Disheroon v. State, Okl.Cr., 357 P.2d 236 (1960).

We further conclude that the defendant had a fair and impartial trial, that the evidence amply supports the jury's verdict, and that the record is free of reversible error. Accordingly, the judgment and sentence is hereby affirmed.

BUSSEY and NIX, JJ., concur.