John Bennett LEWELLYN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16663.

Court of Criminal Appeals of Oklahoma.

Jan. 26, 1972.

Frank R. Courbois, III, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Jeff L. Hartmann, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

John Bennett Lewellyn, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County, Oklahoma for the offense of Unlawful Possession of Marijuana; his punishment was fixed at seven (7) years imprisonment, and a fine of $5,000.00, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Because of the propositions asserted, we do not deem it necessary to relate a detailed statement of facts. Suffice it to say,

that while the defendant was being tried in the District Court of Oklahoma County on September 10, 1970, for the offense of Unlawful Possession of Marijuana, the defendant elected to represent himself. In the process of making his closing statement, the defendant dropped a hand-rolled cigarette on the Court Reporter's desk, and stated, "Yes, I smoke marijuana, and here is some more of it." (Tr. 30). The cigarette was subsequently transported to the Oklahoma Bureau of Investigation for analysis. A chemist from the bureau testified that he examined the cigarette, and that in his opinion, the cigarette contained marijuana.

The defendant in his opening statement stated that he adopted the testimony of the State's witnesses, and called one witness, the Court Reporter present during the prior trial, who testified that the defendant received the maximum penalty provided by law.

■ The first proposition asserts that the trial court abused its discretion in overruling the defendant's motions for change of venue and for continuance. Defendant first argues that because of the publicity provided by the various news mediae he could not receive a fair trial in Oklahoma County. We fail to find in the Record anything which would support the defendant's contention for change of venue on that basis. We observe that the defendant's motion for change of venue had attached thereto several newspaper articles. However, the defendant did not support the motion by affidavit of at least three credible persons, as set forth by 22 O.S., § 561, nor was any evidence offered to the trial court that the defendant could not receive a fair trial in Oklahoma County. In Capes v. State, Okl.Cr., 450 P.2d 842, we stated in the second and third syllabii:

"To warrant change of venue on grounds that fair trial cannot be had in the county it must appear that inhabitants of county have fixed opinion as to guilt of the accused to the extent that accused cannot have a fair trial by impartial jury.

"Mere fact that there has been widespread adverse pretrial publicity about defendant does not, by itself, establish reasonable probability that defendant cannot obtain a fair and impartial jury at criminal trial."

■ We next observe that the trial court did not abuse its discretion in overruling the defendant's motion for continuance. The affidavit for continuance filed with the trial court on the day of trial stated as follows:

"COMES NOW, Frank R. Courbois, being duly sworn, and deposes and states: that he is the attorney for the Defendant, John Lewellen, above named; that he has on this 6th day of November, 1970, been retained by the parents of the Defendant and that he cannot safely proceed to trial at this time for the want of material testimony, which he has with due diligence been unable to procure and he therefore asks that the trial be adjourned for ten (10) days from this date."

We have previously held that when an affidavit is filed for a continuance, by reason of the absence of a witness, and the affidavit does not contain the necessary averment that the affiant believes that the facts the absent witness, as averred in said affidavit, would testify to are true, the same is fatally defective under requirements of 12 O.S., § 668. Crosswhite v. State, Okl.Cr., 317 P.2d 781.

■ The second proposition contends that the sentence imposed upon the defendant is grossly excessive. From the foregoing statement of facts, we cannot conscientiously say that the sentence imposed shocks the conscience of this Court. Defendant stated when he dropped the cigarette on the Court Reporter's desk that "they might as well give him another seven years, here's some more of it." (Tr. 27) We are of the opinion that the defendant got exactly what he asked for and deserved.

The final proposition asserts that the trial court erred in failing to grant the defendant's requested instructions on the lesser included offense of Use of Marijuana. We observe that the Record reflects that the trial court, in denying defendant's oral request for instructions, stated:

"Well, the objection will be overruled on the basis that there is absolutely no evidence in this Record in any way, shape, form, or fashion that this defendant has used this marijuana, State's Exhibit Number One. In fact, the evidence was he did not use it, since it was a cigarette that apparently had never been lit." (Tr. 66)

We concur with the trial court's finding that there was no evidence in the Record to warrant the giving of the defendant's requested instruction of Use of Marijuana.

In conclusion, we observe that the Record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

BRETT and SIMMS, JJ., concur.