**George C. HAYWOOD, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. A–17745.**

Court of Criminal Appeals of Oklahoma.

Decided April 13, 1973.

As Corrected April 17, 1973.

174

Justus Hefley, Anadarko, for appellant.

Larry Derryberry, Atty. Gen., and Fred H. Anderson, Asst. Atty. Gen., and John C. Williams, Legal Intern, for appellee.

OPINION

BRETT, Judge:

Appellant, George C. Haywood, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Caddo County, Case No. CRT–713243, for the crime of Driving and Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor. He was sentenced to serve a term of one hundred eighty (180) days in the county jail and to pay a fine of $250.00 plus $32.00 in court costs. From judgment and sentence, a timely appeal has been perfected to this court.

During the trial, Ronald D. Greer, an officer with the Highway Patrol, testified that on the night of November 19, 1971, he observed the defendant driving in an erratic manner. He stated that he followed defendant in his patrol car with the red light on to his residence and stopped him at the porch of his house. He testified to detecting a strong odor of alcohol and noticed defendant's slurred speech and watery eyes and his staggered walk as they returned to the patrol car.

Witness Greer then took the defendant into custody and transported him to the Caddo County Sheriff's Office where the defendant was advised of his rights under the Chemical Test Law. Officer Greer then testified that the defendant agreed to take the breathalyzer test and that upon administering the test, the defendant tested .24.

Joe Williams, Lieutenant Supervisor for the Oklahoma Highway Patrol, testified as to his training in the operation, maintenance and repair of the breathalyzer machine. He stated that he had checked the machine on October 31, 1971 and again on November 19, 1971 and that the machine was in proper operating order.

The defendant did not take the stand and did not put on any evidence to refute the charge against him.

 Defendant's first contention is that the trial court erred in restricting defense counsel's cross-examination of the State's witness. Although counsel has wide latitude in cross-examination, scope of cross-examination rests largely in the discretion of the trial court and the limiting of cross-examination of a witness concerning matters purely collateral and not germane to the issue by the court is not error. Snow v. State, Okl.Cr., 481 P.2d 157 (1969).

As the record reflects, the witness was qualified to administer the test and interpret the reading. He was not, however, qualified to testify as to how much alcohol is normally in anyone's blood stream. Such information was not within the witness's competency, but was collateral to and was not germane to the issues and was properly excluded by the trial court.

Defendant next contends that the trial court erred in not sustaining his objections to certain statements, allegedly misquoting the court's instructions, made by the State in its closing argument.

A reading of the record indicates that the prosecuting attorney's remarks did not misquote the court's instruction and were not objectionable. Counsel for defendant must not only object to improper statements of county attorney in argument to the jury, but must go further and move the court to exclude such remarks from the jury and instruct them not to consider the remarks for any purpose unless they were of such character than the error would not be cured by their withdrawal. Byrnes v. State, Okl.Cr., 451 P.2d 19 (1969). See also Walters v. State, Okl.Cr., 455 P.2d 702 (1969); Seely v. State, Okl.Cr., 471 P.2d 931 (1970).

We are of the opinion that the statement complained of was proper and accordingly find this contention to be without merit.

Defendant lastly contends that the trial court erred in recessing after the jury retired to the jury room to consider their verdict.

As the State points out, 22 O.S.1971, § 898 provides:

"While the jury are absent the court may adjourn from time to time as to other business, but it is nevertheless deemed open for any purpose connected with the cause submitted to them until verdict is rendered * * *."

Absent any showing that the jury was in need of the court's assistance on any matter, or that the court was not available while the jury was out this Court is of the opinion that the error complained of lacks any merit.

Judgment and sentence affirmed.

BLISS, P. J., and BUSSEY, J., concur.