**Gailon Henry SMITH, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–73–422.**

Court of Criminal Appeals of Oklahoma.

March 20, 1974.

Stephen Jones, Mary E. Bane, Enid, for appellant.

Larry Derryberry, Atty. Gen., Robert McDonald, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Gailon Henry Smith, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Carter County, for the offense of Unlawful Delivery of Marijuana. His punishment was fixed at two (2) years imprisonment and a fine in the amount of one dollar ($1.00) and from said judgment and sentence, a timely appeal has been perfected to this Court.

The relevant facts, briefly stated, reveal that on February 17, 1973, Troy Leathers, an undercover agent with the Lawton Police Department, Narcotics Division, was in Ardmore conducting a drug investigation. Tony, a young Ardmore resident advised Mr. Leathers that he could probably buy marijuana from defendant and he accompanied Mr. Leathers to the defendant's home. The defendant sold Mr. Leathers a lid (one ounce) of marijuana. On direct examination the defendant admitted that he was guilty of the offense.

Defendant's first proposition asserts that the trial court erred by permitting the state to cross-examine defendant's character witness concerning alleged previous crimes of the defendant.

Over the objections of defendant, the court allowed the prosecutor to inquire of defendant's character witness, his grandmother, as to whether she had heard of defendant's involvement in certain crimes in the past.

Defendant contends that the guidelines for cross-examination of character witnesses set forth by this Court in Miller v. State, Okl.Cr., 418 P.2d 220 (1966) and Jones v. State, Okl.Cr., 509 P.2d 924 (1973), should have been followed by the trial court and the failure to have implemented them constitutes prejudicial error. The Attorney General concedes the appli-

cability of the guidelines and this Court is also of the opinion that the procedure should have been used. As suggested in *Miller,* supra, in order to insure the good faith of the State and keep prejudicial insinuations from the jury, the trial judge should conduct a preliminary inquiry, outside the presence of the jury, regarding the intended line of questioning. The judge should satisfy himself that: (1) There is no question as to the fact of the subject matter of the rumor, that is, of the previous arrest, conviction, or other pertinent misconduct of the defendant; (2) A reasonable likelihood exists that the previous arrest, conviction or other pertinent misconduct would have been bruited about the neighborhood or community prior to the alleged commission of the offense on trial; (3) Neither the event or conduct, nor the rumor concerning it, occurred at a time too remote from the present offense; (4) The earlier event or misconduct, and the rumor, concerned the specific trait involved in the offense for which the accused is on trial; and (5) The examination will be conducted in the proper form, that is, "Have you heard, etc.," not "Do you know, etc."; and, if the conclusion is reached to allow the interrogation, the jury should be informed of its exact purpose either at the conclusion thereof or in the instructions.

The defendant submits that the State showed "bad faith" by directing such questions to the character witness rather than the defendant. We find this contention to be without merit.

■ The Court has carefully reviewed the record in this matter and finds that the failure to hold a preliminary inquiry as outlined in Miller v. State, supra, and Jones v. State, supra, was harmless error under 20 O.S.1971 § 3001. The questioning complained of did not injure or prejudice the defendant in any manner. The evidence of his guilt was overwhelming and the punishment imposed (two years

and $1.00) was the least possible under the statute.

Secondly, defendant proposes that the court erred by refusing defendant's request to have a witness demonstrate the accuracy of the witness' testimony that "probably a hundred" cigarettes could be rolled from the ounce of marijuana purchased from defendant.

Troy Leathers, the undercover agent who purchased the marijuana from defendant, testified that probably one hundred cigarettes could be made from the ounce he purchased. Defendant offered no objections at that time. Later on cross-examination and when defendant called Mr. Leathers as a witness, defense counsel tried to persuade the court to allow the witness to demonstrate his credibility on this collateral issue. Counsel's proposed demonstration was to be effected by having Mr. Leathers sit at a table in the courtroom and roll marijuana cigarettes during the remainder of the trial.

■■ While the court may agree with defendant that the witness' estimated cigarette yield of one ounce of marijuana seems generous, it was not error for the trial court to refuse defendant's requested experiment. The scope of cross-examination of witnesses rests largely within the discretion of the trial court and it is not error for the court to limit examination of collateral matters not germane to the issue. Snow v. State, Okl.Cr., 481 P.2d 157 (1970). See also, Austin v. State, 28 Okl. Cr. 73, 228 P. 1113 (1924). We find this refusal was not an abuse of discretion and, reject this assignment of error.

It is, therefore, our opinion that the judgment and sentence appealed from should be, and same is hereby, affirmed.

BRETT, J., concurs in results.

BLISS, J., concurs.