Glenn Edward PRICHARD, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–75–323.

Court of Criminal Appeals of Oklahoma.

Aug. 12, 1975.

As Corrected on Denial of Rehearing
Aug. 19, 1975.

Bruce W. Gambill, Kelly & Gambill, Pawhuska, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., David O'Brien, Legal Intern, for appellee.

## OPINION

BLISS, Judge:

The Appellant, Glenn Edward Prichard, hereinafter referred to as defendant, was charged, tried before a jury in a two stage proceeding, and convicted in the District Court, Osage County, Oklahoma, Case No. CRF-74-188 for the offense of Robbery by Firearms After Former Conviction of a Felony. Punishment was assessed at a term of thirty (30) years in the custody of the Department of Corrections. From a judgment and sentence in conformance with the verdict the defendant has perfected his timely appeal.

Because of the assignments of error asserted by the defendant, we do not deem it necessary to relate a detailed statement of facts. Suffice it to say, on or about the 12th day of March, 1974, an elderly lady living near Pawhuska was robbed by an assailant with a gun whom she identified as the defendant. The defendant introduced the testimony of witnesses in support of his defense of alibi.

The defendant's first assignment of error is that the trial court committed reversible error in failing to grant a continuance or a change of venue because of pretrial publicity so prejudicial as to destroy the protection built into the two stage enhancement of punishment proceeding.

The record reflects that the defendant's motion for a change of venue was an oral motion made on the day of trial and supported by four articles from a local newspaper, the last one appearing on the Sunday before trial. Some of the articles, including the last one, eluded to the fact that the defendant had pled guilty to the rape of an elderly woman in an adjoining county in 1971. The record does not show that the defendant made an application for a change of vanue as required by 22 O.S.1971, § 561 and no affidavits of three credible persons residing in the county were presented to the trial court. The *voir dire* of the prospective jurors indicates that all members of the jury panel stated that their decision would be based solely on the evidence presented in court and that they had no preconceived opinion concerning the matter. Defense counsel presented no proof whatsoever of bias or prejudice caused by the pretrial publicity. It is, therefore, the opinion of this Court that defense counsel failed to comply with the statutory requirement of supporting affidavits and submitted no proof of prejudice other than the articles themselves. The trial court was well within the scope of its discretion to deny said motion. See *Bruton v. State,* Okl.Cr., 521 P.2d 1382; *Sam v. State,* Okl.Cr., 510 P.2d 978; and *Lewellyn v. State,* Okl.Cr., 493 P.2d 852.

With reference to the oral motion for a continuance it is also our opinion that defendant did not sustain his burden of proving bias and prejudice caused by the latest newspaper article. The *voir dire* of the jury indicated that the defendant could obtain a fair trial and there is nothing in the record to reflect otherwise. See *Shapard v. State,* Okl.Cr., 437 P.2d 565.

The defendant's next assignment of error urges that the trial court under the circumstances of the instant case committed reversible error in failing to allow defendant extra peremptory challenges. Again we disagree. The number of peremptory challenges is set by statute, 22 O.

S.1971, § 655. The trial court was without authority to increase the number thereof. *Denham v. State,* 17 Okl.Cr. 473, 192 P. 241. Defendant's argument is without merit.

The defendant's last assignment of error contends that certain statements made by the prosecuting attorney during his closing argument after the second stage of the proceeding constituted reversible error. The first complained of remark made by the prosecutor is as follows:

"What redeeming feature this man told you he has . . ."

The defendant urges this remark constitutes a comment on the defendant's failure to testify and as such, a new trial must be granted as specified by 22 O.S.1971, § 701.[1]

■ We first note that the defendant failed to object to the remark at the time it was made. We further note that the remark was made during the second stage of a bifurcated proceeding which followed the first stage in which the defendant was found guilty of Robbery with Firearms. Consequently, the only influence, if any, the remark of the prosecutor could have had was to enhance the defendant's punishment and absolutely the remark did not enter into the jury's finding the defendant guilty of Robbery with Firearms.

We find the record reflects the defendant was ultimately found guilty of Robbery with Firearms, After Former Conviction of a Felony, for which one convicted is subject to a punishment from ten (10) years to life. The record reflects the defendant received a sentence of thirty (30) years imprisonment and we feel such a sentence is indicative of a fair and impartial determination by the jury. Thus, after an examination of the record, and constru-

ing the remarks of the prosecutor, we do not find the remark served to enhance the defendant's punishment and we feel the remark, even assuming it to be error, in these circumstances is but harmless error. See 20 O.S.1971, § 3001.

■ The defendant next complains of the following statement by the prosecutor:

"Now, we have to assume he did go to the penal system to the State of Oklahoma. We have to assume that he graduated at the penal system in Oklahoma. We have to assume that he didn't spend all that seven years down there because he was out on March 12, 1974, . . ."

The record reflects that the defendant failed to enter a timely objection to this comment. In *Haywood v. State,* Okl.Cr., 509 P.2d 173, this Court held that defense counsel must, not only object to improper statements made by the prosecutor in argument to the jury, but must go further and move the trial court to exclude such remarks from the jury and instruct them not to consider same, unless remarks were of such character that error would not be cured by their withdrawal. In the instant case we do not believe this remark to be of such a character. Therefore, for the above stated reasons we find the defendant's last assignment of error to be without merit.

For all the reasons stated above, it is the opinion of this Court that the defendant received a fair and impartial trial by jury, that he suffered no prejudice of a substantial right and that the judgment and sentence appealed from should be, and the same is hereby *affirmed.*

BRETT, P. J., and BUSSEY, J., concur.

---

1. 22 O.S.1971, § 701 reads as follows:
"In the trial of all indictments, informations, complaints and other proceedings against persons charged with the commission of a crime, offense or misdemeanor before any court or committing magistrate in this State, the per-

son charged shall at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him nor be mentioned on the trial; if commented upon by counsel it shall be ground for a new trial."