**Lucky Alan BOWERSOCK, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. O–76–48.**

Court of Criminal Appeals of Oklahoma.

Jan. 23, 1976.

Don S. Bushong, Shawnee, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

OPINION

BUSSEY, Judge:

On January 16, 1976, a Petition in Error, transcript of proceedings had at the final hearing on motion to vacate the order deferring imposition of judgment and sentence, together with a brief, were filed in this Court. The Petition in Error alleges, and the record supports, the following statements:

"Comes now the above named Appellant and shows:

A) This appeal is lodged from a judgment and sentence entered in CRF–73–

484 in the District Court of Pottawatomie County, State of Oklahoma.

B) The Appellant was convicted of the crime of Burglary in the Second Degree, CRF–73–484.

C) Judgment and sentence was deferred by the District Court of Pottawatomie County upon the Appellant's *plea of guilty* in CRF–73–484. The District Attorney of Pottawatomie County, Stephen C. Lewis, filed a Motion to Vacate the Order Deferring Imposition of Sentencing. A preliminary hearing was held on the State's Motion on the 20th day of June, 1975, and a final hearing was held on the 25th day of June, 1975. The District Court of Pottawatomie County found the defendant had violated the conditions of his probation and imposed judgment and sentence on the *30th day of July, 1975.* The Appellant was sentenced to be incarcerated for a period of two (2) years.

D) Bail was not set in accordance with the Appellant's *plea of guilty* and the Appellant is presently incarcerated in the State Penitentiary at McAlester, State of Oklahoma. [Emphasis added]

\* \* \*"

From the foregoing allegations, supported by the record, it is apparent that the judgment and sentence fixing the Appellant's punishment at two years imprisonment in the State Penitentiary was entered on his plea of guilty, on the 30th day of July, 1975. As heretofore stated, this attempted appeal was filed on January 16, 1976, more than five (5) months after the imposition of judgment and sentence. The statute regulating the time in which an appeal may be filed in this Court is found under the provisions of 22 O.S. 1971, § 1051, and provides:

"(a) An appeal to the Court of Criminal Appeals may be taken by the defendant, as a matter of right from any judgment against him, which shall be taken as herein provided; and, upon the appeal, any decision of the court or inter-mediate order made in the progress of the case may be reviewed; provided further, *all appeals taken from any conviction on a plea of guilty shall be taken by petition for writ of certiorari to the Court of Criminal Appeals, as provided in paragraph (b) of this section, provided, such petition must be filed within ninety (90) days from the date of said conviction.* The Court of Criminal Appeals may take jurisdiction of any case for the purpose of correcting the appeal records when the same do not disclose judgment and sentence; such jurisdiction shall be for the sole purpose of correcting such defect or defects.

(b) The procedure for the filing of an appeal in the Court of Criminal Appeals shall be as provided in the Rules of the Court of Criminal Appeals; and the Court of Criminal Appeals shall provide by court rules, which will have the force of statute, and be in furtherance of this method of appeal: (1) The procedure to be followed by the trial courts in the preparation and authentication of transcripts and records in cases appealed under this act; (2) the procedure to be followed for the completion and submission of the appeal taken hereunder; and (3) the procedure to be followed for filing a petition for and the issuance of a writ of certiorari.

(c) The scope of review to be afforded on certiorari shall be prescribed by the Court of Criminal Appeals." [Emphasis added]

It clearly appearing to the Court that judgment and sentence was entered on a plea of guilty, the only method to appeal from the judgment and sentence is by complying with the underlined portions of 22 O.S.1971, § 1051 relating to certiorari.

This appeal not having been filed within the time provided by law, the appeal is accordingly *dismissed,* and the Clerk of this Court is directed to issue the Mandate *forthwith.*