**David Thomas BULLOCH, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. M–75–578.**

Court of Criminal Appeals of Oklahoma.

Feb. 26, 1976.

Rehearing Denied March 8, 1976.

## OPINION

BLISS, Judge:

The Appellant, David Thomas Bulloch, hereinafter referred to as defendant, entered a plea of guilty in the District Court of Payne County, Oklahoma, to the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor in Case No. CRM–75–134. Judgment and sentence was deferred for a period of one year. Thereafter the trial court upon its own motion and after reasonable notice and hearing found that the defendant violated the terms of his probation by driving a motorcycle at a speed greater than reasonable and proper. The deferred sentence was accelerated and the defendant was sentenced to one (1) year in the Payne County Jail, all of which was suspended pending good behavior, and fined Two Hundred Fifty Dollars ($250.00). From said judgment and sentence defendant has attempted to appeal to this Court.

We first observe 22 O.S.1971, § 1051, which provides:

"(a) An appeal to the Court of Criminal Appeals may be taken by the defendant, as a matter of right from any judgment against him, which shall be taken as herein provided; and, upon the appeal, any decision of the court or intermediate order made in the progress of the case may be reviewed; provided further, all appeals taken from any conviction on a plea of guilty shall be taken by petition for writ of certiorari to the Court of Criminal Appeals, as provided in paragraph (b) of this section, provided, such petition must be filed within ninety (90) days from the date of said conviction. The Court of Criminal Appeals may take jurisdiction of any case for the purpose of correcting the appeal records when the same do not disclose judgment and sentence; such jurisdiction shall be for the sole purpose of correcting such defect or defects."

"(b) The procedure for the filing of an appeal in the Court of Criminal Appeals shall be as provided in the Rules of the Court of Criminal Appeals; and the Court of Criminal Appeals shall provide by court rules, which will have the force of statute, and be in furtherance of this method of appeal: (1) The procedure to be followed by the trial courts in the preparation and authentication of transcripts and records in cases appealed under this act; (2) the procedure to be followed for the completion and submission of the appeal taken hereunder; and

(3) the procedure to be followed for filing a petition for and the issuance of a writ of certiorari.

"(c) The scope of review to be afforded on certiorari shall be prescribed by the Court of Criminal Appeals."

See also Rule 3 of the Rules of this Court.

The judgment and sentence in the instant case was entered upon the defendant's plea of guilty and the only method to appeal directly from a judgment and sentence upon a plea of guilty is by compliance with the aforementioned statute and rule.[1] The record in the instant case reveals the defendant failed to comply with the procedural prerequisites to enable this Court to consider the instant appeal. For this reason the instant appeal is accordingly dismissed.

BRETT, P. J., dissents (attached); BUSSEY, J., concurs.

BRETT, Presiding Judge (dissents).

I respectfully dissent to this decision. Notwithstanding the failure to file a formal "Motion to Withdraw Plea of Guilty" the defendant did file a motion for new trial which set forth the objections to the trial court's action. The record is before this Court with briefs submitted by both parties. Therefore, I believe this Court should consider this appeal. I would direct that the order of the trial court be vacated and defendant be placed in his former position on a deferred sentence, because of an abuse of discretion by the trial court.

1. See *Bowersock v. State*, Okl.Cr., 821 P.2d 545 (1975) and *Kern v. State*, Okl.Cr., 521 P.2d 412 (1974).