**Archie Burl DOTY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–75–705.**

Court of Criminal Appeals of Oklahoma.

March 5, 1976.

D. Hays Foster, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Doug Combs, Legal Intern, for appellee.

## OPINION

BLISS, Judge:

Appellant, Archie Burl Doty, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–74–4143, for the offense of Possession of Marihuana With Intent to Distribute, After Former Conviction of a Felony, in violation of 63 O.S.1971, § 2–401, ¶ B 2. His punishment was fixed at a term of twenty (20) years' imprisonment and from this judgment and sentence a timely appeal has been perfected to this Court.

The facts as adduced at trial will only be summarily stated as the assignments of error upon which this appeal is predicated do not challenge the sufficiency of the evidence. The State's first witness at trial was Troy Leathers who testified that he was an officer with the Oklahoma State Bureau of Investigation and was so employed on the 4th of December, 1974, at which time he met with one Detective Shahan of the Oklahoma City Police Department and a confidential informant at Shakey's Pizza Parlor on S.W. 59th Street and Western. Pursuant to that meeting he left the pizza parlor with the informant and thereafter met with the defendant at Sambo's Restaurant and then proceeded to the TG&Y parking lot. There, the defendant gave to the informant keys to a vehicle parked in the lot whereafter the informant opened the trunk and discovered 27 pounds of marihuana. Officer Leathers further testified that at that time he pulled his car next to the defendant's vehicle and in preparation to make the transaction, he opened the trunks of both vehicles which was a prearranged signal to surrounding

surveillance officers to come in and assist in the arrest. He identified State's Exhibit No. 1, as a one pound bag of marihuana on which he had initialed and recorded the date of that transaction. He gave further testimony relating to the custody of the marihuana.

The State's next witness was Melvin Hett who testified he was a forensic chemist with the Oklahoma State Bureau of Investigation. He identified State's Exhibit No. 1 through 27 as those bags of marihuana which he had received relating to the instant case and testified that after performing analysis on the substance his conclusion was that the bags contained marihuana.

The defense called Linda Burgess who stated that on the evening of December 4, 1974, she was with the defendant and overheard the conversation between Jimmy Bowen and Officer Leathers in the parking lot of Sambo's. She stated that the defendant had said he had nothing to sell and that later that same evening when she and the defendant arrived at the TG&Y parking lot the defendant was arrested.

In rebuttal, Steven Beck testified he was a special agent with the United States Department of Justice, Drug Enforcement Administration, and was so employed on the 4th of December, 1974, at which time he participated as one of the surveillance officers at the time of defendant's arrest. He further testified he was the officer who arrested the defendant.

█ The defendant's first assignment of error asserts that the prosecutor, during his closing argument in the second stage of defendant's bifurcated trial, made improper and prejudicial comment relating to the defendant. The defendant argues that various comments of the prosecutor which refer to the defendant as a "pusher" or "dealer" were calculated to prejudice and inflame the jury thus resulting in the maximum punishment of the law.

We need only note that the prosecutor's remarks of which the defendant now complains were not objected to by the defendant at trial and as such are not properly before this Court on appeal. See, *Poke v. State,* Okl.Cr., 515 P.2d 252 (1973). Also see, *Haywood v. State,* Okl.Cr., 509 P.2d 173 (1973).

█ The defendant's final assignment of error asserts the improper argument of the prosecutor merits modification of the sentence in the instant case where the evidence is clear and convincing.

The State cites *Poke v. State,* supra, and we feel it appropriate to quote:

" . . . We have frequently stated that the question of whether punishment is excessive must be determined by a study of all the facts and circumstances in each case, and that this Court lacks the power to modify a sentence unless we can conscientiously say that under all the facts and circumstances, the sentence is so excessive as to shock the conscience of the Court. *Moore v. State,* Okl.Cr., 501 P.2d 529 (1972); *Green v. State,* Okl.Cr., 501 P.2d 219 (1972). . . ."

After a study of the particular circumstances in the instant case we cannot conscientiously say that the sentence in the instant case was influenced to the defendant's detriment by the prosecutor's argument. For this reason we find the defendant's second assignment of error to be without merit.

For all the above and forgoing reasons, the judgment and sentence is, accordingly, *AFFIRMED.*

BRETT, P. J., and BUSSEY, J., concur.