**James Earl MEEKS, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–75–596.**

Court of Criminal Appeals of Oklahoma.

April 23, 1976.

Howard M. McBee, McBee & Benson, Frederick, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Doug Combs, Legal Intern, for appellee.

OPINION

BLISS, Judge:

Appellant, James Earl Meeks, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Tillman County, Case No. CRF–74–62, for the offense of Feloniously Carrying a Firearm in violation of 21 O.S.1971, § 1283. His punishment was fixed by a jury at a term of ten (10) years' imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

The State's first witness was Arthur Linville who testified he was an agent with the Oklahoma State Bureau of Investigation and was so employed on November 20, 1974, on assignment in Tillman County, when he was at a residence at 210 North 12th Street, Frederick, Oklahoma, effecting an arrest warrant upon the defendant. He was accompanied to the residence by one John Kelson and agent Troy Leathers, and upon invitation by defendant to enter the residence he advised defendant that he was under arrest and also advised the defendant of his rights. Also present at the residence was one Dorothy Alexander. He said that upon informing defendant of his identity the defendant inserted his hand into his pants pocket at which time the two other agents produced their pistols and ordered the defendant to remove his hand and to raise his hands over his head, which defendant did. Agent Kelson then removed an automatic pistol from the left front pocket of the defendant and thereafter defendant was transported to the Tillman County Jail. He further testified that agent Kelson later turned over the pistol to him, which he placed in an evidence container, sealed it and marked it with his initials the evidence was thereafter secured under lock and key in the agents' room of the Oklahoma State Bureau of Investigation in Lawton and no other person had access to it. Upon being shown State's Exhibit A, he identified it as the aforesaid evidence container, containing the pistol which was seized from the defendant. He identified the pistol as a Titan brand .25 caliber semiautomatic, serial number 160598, also bearing the initials "J.W.K." and the date "11–20–74." Also in the evidence container was a box magazine in addition to seven rounds of .25 caliber ammunition. He lastly testified that State's Exhibit A had been in his custody since November 20, 1974.

The next witness for the State was J. W. Kelson who testified he was employed as an agent with the Oklahoma State Bureau of Investigation and was so employed on November 20, 1974, when he participated with agent Leathers and agent Linville in the defendant's arrest as previously testified to by agent Linville. He stated the arrest occurred at approximately 1:00 or 1:30 p. m. and his testimony essentially corroborated agent Linville's testimony. He also stated that at the time of defendant's arrest agent Linville produced his police identification badge and showed it to defendant, whereafter defendant inserted his hand into his pocket in which agent Kelson had observed the outline of what he thought to be a small caliber pistol. He stated he advised defendant to remove his hand from his pocket and, thereafter, defendant was placed on the ground and searched. The search revealed a small caliber .25 automatic Titan pistol from within defendant's left front pocket, which he thereafter identified as State's Exhibit A. He identified said pistol as the pistol which was seized from defendant on November 20, 1974, as it bore his initials and the date, which he had inscribed on it following its seizure. Also, State's Exhibit A contained seven rounds of .25 caliber automatic ammunition and a loaded magazine which he had removed from the butt of the pistol upon seizing it. On cross-examination he testified that at the time of seizure of the pistol no shell was in the chamber and that to have fired the weapon one would have had to pull the slide back causing a shell to be placed in the chamber. He also testified that after seizing the pistol he later turned it over to agent Linville, who retained custody of it. State's Exhibit A was then admitted into evidence.

Lois Kent testified that she was Court Clerk of Tillman County, Frederick, Oklahoma, and had been the Court Clerk or Deputy Court Clerk for the past 20 years. Upon being shown State's Exhibit B and State's Exhibit C, she identified them as final judgments and sentences, served and satisfied, in Case No. 2863 and Case No. 2864, styled State versus James Earl Meeks, wherein the defendant was sentenced to two seven (7) year sentences, to

be served concurrently. The judgments and sentences further reflected that at the time of judgments and sentences, defendant was represented by counsel. The State then rested.

The first witness for the defense was Dorothy Alexander who testified she resided at 210 North 12th Street, Frederick, Oklahoma, and that she was acquainted with the defendant insofar as he and his son had been living in a bedroom in her home. She testified that the gun, State's Exhibit A, was her gun and that she had purchased it from Daniel McDonald in Altus. She testified that she normally kept the pistol in her bedside table at home, but that on the day defendant was arrested she had given it to him. She said that the officers came to her door in the morning on the day in question and that she asked them to return in about an hour because she was not dressed. Thereafter, she called the defendant and asked him to be present when the officers returned because she was suspicious of them. She testified that she gave the pistol to the defendant, thinking he might have need of it upon their return. On cross-examination she testified that the events previosly described occurred between 10:30 and 11:00 a. m. The defense then rested.

In rebuttal for the State, Steve Saunders testified that he was the Sheriff of Tillman County and was so employed on November 20, 1974, at which time he ran surveillance on the investigation being made by agent Kelson. He stated that on the day of defendant's arrest his surveillance was somewhere between 11:30 a. m. and 12:30 p. m. and that he remembered the noon whistle sounding during his surveillance. He further testified that approximately 45 minutes to an hour passed between the officers' first visit to the residence and their subsequent return, when the defendant was arrested. The State then rested.

■ The defendant's first, second and fourth assignments of error complain of matters related to his convictions on pleas of guilty in the District Court, Tillman County, in Cases Nos. CRF–74–31 and CRF–74–57, each for the offense of Unlawful Delivery of a Controlled Drug. The judgments and sentences in these cases were entered upon defendant's plea of guilty and the only method by which to appeal directly from a judgment and sentence upon a plea of guilty is by compliance with 22 O.S.1971, § 1051, and Section III of the Rules of this Court. See, *Bowersock v. State*, Okl.Cr., 545 P.2d 821 (1976) and *Bulloch v. State*, Okl.Cr., 546 P.2d 1031 (1976). In Cases Nos. CRF–74–31 and CRF–74–57, the defendant has failed to comply with the procedural prerequisites to enable this Court in the instant appeal to consider any allegation of irregularity involving those convictions. For this reason the defendant's first, second and fourth assignments of error will not be considered. However, we would direct the defendant's attention to 22 O.S. 1971, § 1080, et seq., the Post Conviction Procedure Act, whereupon for sufficient reasons shown, the defendant may obtain review of the convictions in Cases Nos. CRF–74–31 and CRF–74–57.

■ Defendant's third assignment of error asserts the prosecutor, in his closing argument, made improper and prejudicial comments relating to the defendant. The defendant argues that the prosecutor attempted, and succeeded in, prejudicing and inflaming the jury by requesting the imposition of the maximum ten year sentence. Defendant asserts the trial court erred in not modifying the sentence imposed in light of the various comments by the prosecutor in the closing argument.

We need only note that the prosecutor's remarks of which the defendant now complains were not objected to by the defendant at trial and as such are not properly before this Court on appeal. See, *Poke v. State*, Okl.Cr., 515 P.2d 252 (1973), and *Haywood v. State*, Okl.Cr., 509 P.2d 173 (1973). In *Poke*, supra, we stated:

". . . We have frequently stated that the question of whether punishment is

excessive must be determined by a study of all the facts and circumstances in each case, and that this Court lacks the power to modify a sentence unless we can conscientiously say that under all the facts and circumstances, the sentence is so excessive as to shock the conscience of the Court. *Moore v. State*, Okl.Cr., 501 P.2d 529 (1972); *Green v. State*, Okl.Cr., 501 P.2d 219 (1972). . . ."

Although this assignment of error is not properly before the Court, we have examined the particular circumstances in the instant case of which the defendant now complains and under all the facts and circumstances of this case we do not find the sentence to be excessive or a result of any improper comments of the prosecuting attorney. For the above stated reasons we find the defendant's third assignment of error to be without merit.

For all the above and foregoing reasons, the judgment and sentence is, accordingly, *AFFIRMED*.

BRETT, P. J., and BUSSEY, J., concur.