**Alvin Dewight MAINES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–82–497.**

Court of Criminal Appeals of Oklahoma.

June 27, 1983.

Duke Halley, Woodward, for appellant.

Michael C. Turpen, Atty. Gen., M. Denise Graham, Asst. Atty. Gen., State of Okl., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge:

On appeal from his conviction in Woodward County District Court, Case No. CRF–81–218, of Unauthorized Use of a Vehicle, After Former Conviction of Two or More Felonies, in which he was sentenced to twenty (20) years' imprisonment, the appellant, Alvin Dewight Maines, hereinafter referred to as the defendant, raises two assignments of error.

Suffice it to say, the evidence presented in this case was such that the defendant's

requested instruction on the lesser included misdemeanor offense of Tampering with a Motor Vehicle was properly granted by the trial court, who gave the following instruction to the jury:

### NO. 8

If you find beyond a reasonable doubt that on or about October 16, 1981, in Woodward County, Oklahoma, that the defendant did not unlawfully, wilfully, and feloinously, [sic] not being entitled to possession of the vehicle, without the consent of the owner and with the intent to deprive him, temporarily or otherwise, of the vehicle, took, used, and drove the vehicle, then you shall find the defendant guilty of UNAUTHORIZED USE OF A MOTOR VEHICLE and so state in your verdict.

However, if you fail to so find, or if you have a reasonable doubt thereof, you shall next consider a lessor included offense of "TAMPERING WITH A MOTOR VEHICLE" which crime is defined by statute as:

A person, who, without right to do so and with intent to commit a crime, climbs into or upon a vehicle whether it is in motion or at rest, attempts to manipulate any of the levers, starting mechanism, brakes or other mechanism or device of a vehicle while the same is at rest and unattended, or sets in motion any vehicle while the same is at rest and unattended is guilty of a misdemeanor.

The penalty for "TAMPERING WITH A MOTOR VEHICLE" is by fine not more than $500.00 or imprisonment for not more than 6 months or by both such fine and imprisonment.

If you find beyond a reasonable doubt that the defendant is guilty of the included offense of "TAMPERING WITH A MOTOR VEHICLE" you shall so state in your verdict and fix his punishment within the ranges set forth above.

However, if you fail to so find, you shall find the defendant not guilty. (Or. 31)

■ The appellant argues that the trial court erred in failing to instruct the jury that they would have to assess punishment if they found the defendant guilty on the charge of Unauthorized Use of a Motor Vehicle; however, the cases cited to support this argument are not on point. The jury returned a verdict of guilty of Unauthorized Use of a Motor Vehicle, and the trial court then permitted evidence of the defendant's prior convictions to be received by the jury. After having been instructed on the law regarding second and subsequent offenses, the jury returned its verdict fixing punishment at a term of twenty (20) years' imprisonment. Under the unique circumstances present in this case, we are of the opinion that the trial court properly followed the trial procedures for second or subsequent offenses, as set forth in 22 O.S. 1981, § 860.[1]

■ Additionally, the defendant complains that the following prosecutorial comments, made during closing argument, constituted reversible error, to wit:

1. 22 O.S.1981, § 860, is as follows:
Second or subsequent offenses—Trial procedure
In all cases in which the defendant is prosecuted for a second or subsequent offense, except in those cases in which former conviction is an element of the offense, the procedure shall be as follows:
(a) The trial shall proceed initially as though the offense charged was the first offense; when the indictment or information is read all reference to prior offenses shall be omitted; during the trial of the case no reference shall be made nor evidence received of prior offenses except as permitted by the rules of evidence; the judge shall instruct the jury only on the offense charged; the jury shall be further instructed to determine only the guilt or innocence on the offense charged, and that punishment at this time shall not be determined by the jury.
(b) If the verdict be guilty of the offense charged, that portion of the indictment or information relating to prior offenses shall be read to the jury and evidence of prior offenses shall be received. The court shall then instruct the jury on the law relating to second and subsequent offenses, and the jury shall then retire to determine (1) the fact of former conviction, and (2) the punishment, as in other cases.

... [Y]ou are instructed, "that if you find beyond a reasonable doubt that on or about October 16, 1981, that elements of this offense, the stolen vehicle"—that's the guts of it—"that you shall find the Defendant guilty of unauthorized use of a motor vehicle." He committed a felony. And, your just as obligated, you are just as obligated with the facts that appear that show he has committed a public offense and a felony. You're just as obligated to return a verdict of guilty on that as you are to return a verdict of not guilty. If he's guilty just say so. You don't even have to—you don't have to worry about punishment. It's guilty or not guilty. That's what it is. Did he do it, or did he not do it.? (Tr 120 & 121)

We note that no contemporaneous objection to the above remarks was made at trial, therefore, this assignment of error has not been properly preserved for review. *Smith v. State,* 594 P.2d 784 (Okl.Cr.1979). Moreover, even if a timely objection had been entered, we are of the opinion that no error occurred.

The judgment and sentence is AFFIRMED.

CORNISH and BRETT, JJ., concur.