Norman Arthur COLLINS, Appellant,

v.

**The STATE of Oklahoma, Appellee.**

**No. F–85–219.**

Court of Criminal Appeals of Oklahoma.

July 12, 1988.

Pamela Sue Holtzclaw, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Terry J. Jenks, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, Norman Arthur Collins, was charged, tried, and convicted in the Bryan County District Court, Case No. CRF–84–132, for the offense of Unlawful Delivery of a Controlled Dangerous Substance in violation of 63 O.S.1981, § 2–401, now amended as 63 O.S.Supp.1987, § 2–401. His punishment was fixed at a term of five (5) years' imprisonment and from this judgment and sentence, a timely appeal has been perfected to this Court.

On April 4, 1984, appellant was involved in a transaction for the sale of cocaine to an undercover police officer. The officer was monitored through the use of a body transmitter by another officer in a surveillance unit nearby. It was this surveillance officer who made the actual arrest of appellant. At trial, the officer involved in the transaction testified as to the events of the encounter which were corroborated further through testimony from the surveillance officer.

In his first assignment of error, the appellant urges that certain prosecutorial comments, which referred to the appellant as a "dope pusher" (Tr. 6, 168), and other comments designed to induce societal alarm (Tr. 168), constitute reversible error. We note that no contemporaneous objection was made at trial. Therefore, this assignment of error has not been properly preserved for review. *Maines v. State*, 665 P.2d 1220 (Okl.Cr.1983).

Nonetheless, a review of the record demonstrates that these comments did not render the appellant's trial fundamentally unfair. *Tucker v. State*, 675 P.2d 459 (Okl. Cr.1984). This Court has held that similar references characterizing defendants as drug smugglers, dealers, or pushers does not deprive a defendant of a fair trial. *Doty v. State*, 547 P.2d 976 (Okl.Cr.1976); *United States v. Williams*, 726 F.2d 661 (10th Cir.1984). Remarks similar to those which appellant claims induced societal alarm have been held within the wide range of speech given prosecutors and defense attorneys. *Welliver v. State*, 620 P.2d 438 (Okl.Cr.1980).

In order for the prosecutor's remarks to constitute reversible error, they must be "flagrant in such a nature as to be prejudicial to the defendant." *Wimberli v. State*, 536 P.2d 945, 952 (Okl.Cr.1975). The prosecutorial remarks at issue in the instant case were not so flagrant as to prejudice appellant, especially in light of the fact that he received the minimal sentence provided by statute. Appellant's first assignment of error, therefore, cannot prevail.

In his second assignment of error, the appellant contends that the State failed

to establish a condition precedent for the admission of the surveillance officer's testimony identifying appellant as the person whose voice he had heard over the transmitter. Specifically, appellant argues that, because the surveillance officer did not visually observe the conversation and was not previously acquainted with him, the officer lacked the requisite personal knowledge to enable him to identify the appellant as the speaker. The appellant, once again, failed to object to this testimony at trial and has thus waived all but fundamental error regarding its admission. *Maines v. State*, 665 P.2d at 1222.

However, the argument fails upon a reading of the Oklahoma Evidence Code. Title 12 O.S.1981, § 2901(B)(5) states that a valid voice identification is:

[i]dentification of a voice, whether first hand or through mechanical or electronic transmission or recording, by opinion based upon hearing the voice *at any time* under circumstances connecting it with the alleged speaker (emphasis added).

According to *United States v. Watson*, 594 F.2d 1330, 1335 (10th Cir.1979), "familiarity with another's voice may be acquired *either before or after* the particular speaking which is the subject of the identification." (emphasis added). Therefore, the fact that the officer did not speak with appellant until after the arrest did not prevent him from making a valid identification of appellant's voice pursuant to Section 2901(B)(5). Consequently, this assignment of error cannot prevail.

Finding no error, judgment and sentence is AFFIRMED.

BUSSEY and PARKS, JJ., concur.